IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BJORN CHRISTIAN LUSTER,

        Petitioner,

v.

MATTHEW MARSKE,

        Respondent.

OPINION AND ORDER

18-cv-468-wmc

Petitioner Bjorn Christian Luster, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. In his petition to this court, Luster seeks to challenge the Bureau of Prison's ("BOP") decision to revoke 27 days of good time credit for making allegedly threatening comments. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Furthermore, after learning that he will be released to a halfway house on April 3, 2019, Luster very recently filed a motion for an expedited ruling. (Dkt. #8.) However, since it appears that Luster is not entitled to relief, he will be required to show cause to avoid dismissal of his petition. Finally, Luster filed a number of other motions in the last few months based on claims unrelated to those before the court in this lawsuit, including one for preliminary injunction as to new mail room practices, all of which will be denied.

1

BACKGROUND

A.  **Luster's Incident Report and Disciplinary Hearing**

On March 12, 2017, while incarcerated at Oxford, Luster had a phone call with his brother. During that call, Luster admits commenting about a juvenile court judge. In particular, he admits stating, among other things, that the judge "should have placed [a child] in his custody" during a 2007 hearing. While Luster does not include the actual, allegedly threatening statements in his submissions to this court, he denies talking with his brother about a specific act of violence or intent to harm that judge; rather, Luster claims to have merely expressed fear that he would be denied justice. Luster further represents that neither he nor his brother ever spoke about or with the judge himself in a threatening manner. Apparently two days later, Luster had another phone call during which he discussed a different judge, one handling a challenge to the juvenile judge's rulings. During that phone call, Luster alleges that he acknowledged his fears were unfounded and apologized for becoming upset during the prior phone call.

Nevertheless, in a March 15, 2017, incident report, the BOP charged Luster with "Threatening another with bodily harm" in violation of Code 203 of the BOP's Inmate Discipline Program. (According to plaintiff, the BOP also advised the FBI of this threat, but that agency declined to prosecute.) A hearing before a Disciplinary Hearing Officer ("DHO") followed. During the hearing, Luster's position was that: (1) BOP staff had misunderstood him; and (2) he never intended to hurt the judge. Luster further argues now that DHO should have considered his second call together with his first call, which

2

would show that his statements in the first call were taken out of context and motivated by *fear*, not by an intent to threaten violence against the first judge. Ultimately, the DHO disagreed, finding a violation and revoking 27 days of good time credit. In particular, the DHO found incredible Luster's assertion that he was not being serious during his first phone call with his brother. Unfortunately, Luster provides no further details about the actual charges against him, the hearing, the DHO's ruling, any follow up challenges in the BOP, or during the revocation process itself.

B.      Luster's Petition in this Court

In advance of his scheduled release to a halfway house on April 3, 2019, in June of 2018, Luster applied to this court for reinstatement of his good time, expungement of the incident report from his file, and an order moving up his home confinement date, currently scheduled for May 25, 2019. (*See* dkt. #8-1.) Luster claims that the following facts prove that the DHO's credibility finding at the hearing was "arbitrary and capricious": (1) no BOP official ever referred him to the psychology department after the phone calls, and no one ever asked him if he actually planned to attack anyone after his release; (2) the judge he allegedly threatened never learned about his statements; (3) no one contacted his brother to ask whether his comments were serious; (4) local law enforcement were not warned about a potential attack upon his release; (5) he was not incarcerated for six years following the judge's custody decision and never tried to attack the judge during that time; and (6) even though his phone call was referred to the FBI, he was never prosecuted for

3

his statements.

Luster further asserts that the revocation of his good time was actually in retaliation for his grievances and/or communications about his reclassification. Luster specifically alleges that the incident report was filed several hours after he submitted a letter requesting to be transferred, some three days *after* he made the allegedly threatening statements. Finally, he asserts that many other prisoners who have threatened people over the phone have gone unpunished.[1]

Finally, Luster filed a motion to expediate ruling on March 21, 2019, because his "community correction (halfway house)" placement had been set for April 3, 2019. (Dkt. #8.)

OPINION

As an initial matter, disciplinary hearings that deprive an inmate of good-time credit -- and as a result, increase the inmate's period of incarceration -- *may* serve as a basis for requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Still, § 2241 states that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in

---

[1] Luster also touches on additional assertions about the conditions of his confinement, but they do not relate to the revocation proceedings before the DHO and must be developed and asserted, if at all, in a separate complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curium) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

4

violation of the Constitution or laws or treaties of the United States." Here, Luster seeks relief on the grounds that his revocation violated his First and Fourteenth Amendment rights, yet the allegations in his petition do not appear to support either claim for the reasons set forth below. Accordingly, the court can, at most, allow Luster a brief window of time in which to supplement his Fourteenth Amendment claim with omitted information as to evidence before the DHO at the disciplinary hearing.

First, Luster has not alleged sufficient facts to support his retaliation claim. To state a claim for retaliation under the First Amendment, a prisoner must allege that: (1) he was engaged in a constitutionally protected activity; (2) he suffered a deprivation that would likely deter a person from engaging in the protected activity in the future; and (3) the protected activity was a *motivating* factor in the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). Accepting that Luster's grievances and requests for reclassification are constitutionally protected activity, and that the incident report would deter a reasonable prisoner in Luster's position from engaging in similar protected activity in the future, Luster's retaliation claim nonetheless fails on the third element, because he has not alleged, and it would be unreasonable to infer, that either the staff member who wrote the incident report or the DHO that revoked his good time credit *knew* about his earlier grievances or about communications he submitted shortly before he received the incident report. Indeed, the plaintiff does not even plead *who* those actors were, much less how they learned of his separate, allegedly protected activities. On these facts, therefore, it would be unreasonable

5

to infer that the DHO's decision was motivated by a desire to punish him for engaging in those activities. Accordingly, Luster's retaliation claim fails to provide a basis to find his revoked good time constituted a violation of his constitutional rights.

Second, Luster's Fourteenth Amendment due process claim potentially has more traction: a disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Luster does not allege -- and the facts outlined in his petition do not suggest -- that he was denied the first three procedural safeguards. This leaves Luster's true complaint, which focuses on the fourth safeguard.

However, it would appear a foregone conclusion that the DHO's decision was grounded in sufficient evidence to satisfy due process. Indeed, the Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In *Scruggs*, the court acknowledged that even though the evidence must bear "some indicia of reliability," once that showing has been made, courts do not reverse results of the disciplinary official. *Id.* Furthermore, courts may only consider "exculpatory evidence to the extent it undermines

6

the reliability of the evidence" used against the prisoner. *Id.* (citing *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996)).

With this low bar in mind, Luster's allegations do not support an inference that the DHO's decision to revoke 27 days of good time credit was unsupported by reliable evidence. If anything, on the facts as alleged, it would appear that the DHO at minimum reviewed both the incident report and the content of the phone call during the hearing. While the DHO also received Luster's testimony and argument that the incident report did not capture his intent accurately, he does not appear to claim that the incident report failed to report accurately the statements he made during the telephone call. Furthermore, Luster acknowledges that the DHO did not find him credible, and he fails to articulate how the other evidence supporting her conclusion was "wholly unreliable." As such, Luster's allegations did not cross the "threshold of plausibility" required for the government to answer his petition. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).[2] If anything, rather than point to a single instance where his right to due process was denied, the petitioner sets forth facts showing extraordinary process was afforded him, and it is only the result that he wishes to challenge.

While the court is, therefore, unconvinced the government should be required to

---

[2] Even Luster's assertion that DOC ginned up any claim of concern about his supposed threat is undermined by his own pleading, which indicates that the BOP took the threat seriously enough to involve the FBI in its investigation.

7

answer the petition, the court will not yet conclude that Luster's claims fail as a matter of law, since he has omitted from his petition not only important details about the allegedly threatening statements, but also the evidence presented to the DHO. Therefore, the court will give Luster a brief window of time, until **April 11, 2019,** to file a supplement to his petition that provides allegations related to: (1) his statements during the phone call that formed the basis of the incident report, (2) who heard and reported those statements, (3) who was aware of his unrelated, protected speech activities, (4) the content of the incident report, (5) the evidence presented to the DHO during the disciplinary hearing, (6) who were the actual decisionmakers for DHO, (7) the DHO's disposition of the incident, and (8) any steps he took to appeal that disposition. While not required, it would also be helpful if Luster would attach to his supplement copies of any documents he possesses related to these issues, particularly any written decision by DHO.

Finally, as alluded to at the outset of this opinion, Luster has filed three motions that are unrelated to his challenge to the revocation of his good time credits. In particular, he is: seeking return of certain legal materials that were taken away while he was being housed in segregation (dkt. #2), complaining of harassment (dkt. #5) and reporting that staff have started giving prisoners black and white copies of certain types of mail rather than providing prisoners with the originals (dkt. #7). The court will deny these motions since they are unrelated to Luster's challenge to his loss of good time credits, with one caveat: if Luster is still being held in segregation and cannot adequately supplement his petition without access to his legal materials, he should promptly inform the court.

ORDER

IT IS ORDERED that:

(1) Petitioner Bjorn Christian Luster's motion for expedited ruling (dkt. #8) is GRANTED.

(2) Petitioner has until **April 11, 2019,** to supplement his petition, as provided above, to show cause as to why his Fourteenth Amendment claim should not be dismissed.

(3) Petitioner's First Amendment claim is DISMISSED with prejudice.

(4) Petitioner's motion to compel (dkt. #2), notice of continued retribution (dkt. #5) and motion for injunctive relief (dkt. #7) are DENIED.

(5) **Petitioner is advised that if he does not respond to this order as directed, the court will dismiss his Fourteenth Amendment claim for failing to show that he is in custody in violation of federal law.**

Entered this 28th day of March, 2019.

                                                BY THE COURT:

                                                /s/
                                                _____
                                                WILLIAM M. CONLEY
                                                District Judge