IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BJORN CHRISTIAN LUSTER,

          Petitioner,

v.

BRENDA MORT,[1]

          Respondent.

OPINION AND ORDER

18-cv-468-wmc

On April 19, 2019, the court directed respondent to provide documentation and information related to petitioner Bjorn Luster's March 15, 2017, incident report, so that the court could evaluate whether the Disciplinary Hearing Officer's ("DHO") revocation of Luster's good time credit met the "some evidence" threshold to satisfy the requirements of due process. *See Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). On April 26, 2019, the court received documentation from the Bureau of Prisons ("BOP") including: a recording from Luster's March 12, 2017, phone call; the incident report, which was actually dated March 16, 2017; the April 24, 2017, notice of discipline hearing before the DHO; the April 24, 2017, Inmate Rights at Discipline Hearing Notice; and the DHO's May 26, 2017, report revoking Luster's good time credit. Having reviewed that information, the court concludes that his due process claim fails as a matter of law.

---

[1] Since petitioner is now residing at a halfway house in Waterloo, Iowa, and under the supervision of the Minneapolis field of the BOP's Residential Reentry Management program, the court has substituted petitioner's reentry manager as respondent. *See* Fed. R. Civ. P. 25(d).

1

OPINION

The court need not review all of the information submitted by the BOP to reach the legal issue before it. Instead, the court will focus its discussion to the evidence presented to and relied upon by the DHO in deciding to revoke Luster's good time credit. The question before the DHO was whether Luster's statements during the March 2017 phone call to his brother constituted "Threatening another with bodily harm" in violation of Code 203. At the hearing, the DHO received the incident report, which included the following summary of Luster's statements during that call:

> During the course of this call inmate Luster makes repeated claims that he "is going to get justice one way or the other." Inmate Luster also goes on to say that "I'm going to hunt down this judge. This judge has done way too much to me and my family. I'm not going to let this continue even if [sic] means I retire in prison. I'm going to fix this." Soon after inmate Luster was escorted out of Waushara unit to Special Housing Unit without further incident by compound staff.

(Ex. B (dkt. #13-2) at 2.) The incident report indicated that this summary was referred to the FBI on March 17, 2017. (*Id.* at 4.) The DHO also received the recorded phone call itself into evidence, admitted herein as respondent's Ex. A. Finally, the DHO received Luster's written statement, as well as his prior statements leading up to the hearing, in which he denied intending to ever harm the judge and insisted that the statements were either jokes or fabrications, referring to the more benign statements he made in a subsequent phone call about a different judge.

The court has since listened to that recording, which confirms that Luster made the following statements about the state court judge during the call:

- "He has done way way too much to me and my family." (Ex. A, at 1:18-1:21.)

- "This can't go on or I'm going to get into trouble when I get out 'cause I'm not going to let this go on…I'm going to hunt him down, basically." (*Id.* at 1:27-1:37.)

- "He went too far already and this time it's way too far." (*Id.* at 1:45-1:48.)

- "I don't know what his fucking problem is…so I'm going to fix it, if I have to. If I don't get some sort of justice, I'm going to get it my way, and I'll retire in prison." (*Id.* at 2:52-3:00.)

In the DHO's written ruling, that officer concluded Luster violated Code 203, citing in support: (1) the incident report, (2) the recorded phone call that confirmed he made the statements reported in the incident report, (3) a second phone call Luster made subsequently related to a different judge, and (4) Luster's statements that he did not intend to threaten anybody and was simply making a joke or engaging in hyperbole. (Ex. E (dkt. #13-5 at 4).) While the FBI did not ultimately charge Luster with a crime, the DHO reasoned that a different standard applied for discipline purposes as to whether a violation of BOP Code 203 occurred. As to that question, the DHO was "not convinced of [Luster's] innocence," since (1) the two phone calls did not appear related; and (2) his defense was not credible, especially given the recorded phone call. (*Id.*)

Regardless of the ultimate merits of the DHO's conclusion, there was certainly "some evidence" that Luster made threats to another. Indeed, Luster has not disputed that he made the actual statements attributed to him during the phone call; instead, he has

3

consistently argued that the statements were misconstrued. Whatever Luster's *intent* may have been, he cannot deny that the DHO relied on multiple, corroborating pieces of evidence in concluding that he threatened another person with bodily harm. Accordingly, the court concludes that the revocation of Luster's good time credit passed muster under due process, and his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Bjorn Luster's petition for a writ of habeas corpus under § 2241 is DENIED, and this case is DISMISSED.

Entered this 7th day of May, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge